## Brown *v.* Brown *et al.*

The purchaser of land at an administrator's sale regularly and legally made acquired thereby a good title against the heirs of the intestate whose land was thus sold; and although such purchaser may have previously made with these heirs a contract to convey the land to them upon the payment to him of a certain mortgage he held against the intestate, which was in fact afterwards paid or satisfied, his breach of this contract did not of itself revest the legal title in the heirs, and whatever may have been their rights in the premises upon appropriate equitable proceedings and with appropriate parties, a portion of these heirs could not, upon this state of facts, maintain against the vendee alone of such purchaser, who was herself another of them, a common law action of ejectment for the recovery of their shares of the land.

August 12, 1895.

Ejectment. Before Judge Fish. Stewart superior court. April term, 1894.

E. T. Hickey and Little & Little, for plaintiff in error.

Simmons, Chief Justice.

Taking the most favorable view of the evidence for the plaintiffs below, we do not think they were entitled to recover in this form of action. Brown died intestate, leaving a mortgage upon his land. The widow was entitled to dower, but it seems yielded her right. She and her coadministrator obtained an order from the ordinary for the sale of the land; it was duly advertised and sold, and was purchased by the mortgagee, who subsequently conveyed it to the widow after his mortgage had been

satisfied.   Four of the children of the intestate brought
a common law action of ejectment against the widow to
recover their several portions of the land, claiming that
before the land was sold at the administrators' sale, they
and the widow had an agreement with the mortgagee
that he would buy the land, and if they would pay off
the mortgage he would convey it to them; but that, in-
stead of conveying it to them when the mortgage was
paid off, he conveyed it to the widow.

When the mortgagee bought the land at the adminis-
trators' sale, he got a good title thereto as against the
heirs of the intestate.   That is what, according to the
theory of the plaintiffs, he was to get, under their agree-
ment with him.   If after obtaining the title in this man-
ner he violated the agreement by making a deed to the
widow alone, it was a breach of contract for which the
plaintiffs would be entitled to recover in a proper action;
but the breach of contract would not avoid the sale and
revest the title.   The sale was valid and binding, not-
withstanding the breach of contract.   This being so, the
plaintiffs had no title on which to recover in a common
law action of ejectment against the vendee.   They might,
as we have already said, recover for the breach of con-
tract, or they might maintain an equitable petition to
set aside the deed to the widow, and have the grantor or
his legal representatives carry out the contract which
they allege was made with them; but certainly they
cannot recover in ejectment against the widow alone
their several portions of the land on account of the
breach of contract.                    *Judgment reversed.*